**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MEDIA ALLIANCE, INC. and
STEPHEN C. PIERCE,**

                            **Plaintiffs,**

    **vs.**                                                     **09-CV-0659
(MAD)**

**ROBERT MIRCH, Commissioner of Public Works
for the City of Troy, individually and in his
official capacity, and the CITY OF TROY,**

                            **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

O'CONNELL and ARONOWITZ            Charles C. Dunham IV, Esq.
54 State Street                                     Neil H. Rivchin, Esq.
9th Floor
Albany, New York 12207
*Attorneys for Plaintiffs*

DREYER BOYAJIAN LLP                    John B. Casey, Esq.
75 Columbia Street
Albany, New York 12210
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      The trial of this action is scheduled to commence on January 23, 2012. Presently before the Court are the parties' motions *in limine*. Plaintiffs seek an order allowing plaintiffs to introduce newspaper articles and the testimony of witnesses including employees of the Bureau of Code Enforcement and other property owners in the City of Troy as evidence of defendants' retaliatory use of code enforcement. (Dkt. Nos. 67, 71). Defendants move for an order: (1) precluding plaintiffs from introducing evidence of defendants' alleged prior acts of code

enforcement with non-parties; (2) precluding plaintiffs from calling witnesses who were not previously disclosed; (3) dismissing plaintiffs' abuse of process claim pursuant to the applicable statute of limitation; (4) dismissing plaintiffs' abuse of process claim as it fails as a matter of law; and (5) precluding plaintiffs' substantive due process claim as it fails as a matter of law. (Dkt. Nos. 57, 72).

## DISCUSSION

The purpose of a motion in *limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'".) "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008). As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected". *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an in limine ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief *seriatim*.

I.     **Admissibility of Prior Acts**

Plaintiffs seek to support their *Monell* claims with evidence of defendants' alleged pattern of constitutional violations introduced through newspaper articles, non-party testimony and the testimony of Bureau of Code Enforcement employees. Defendants oppose the motion arguing that evidence of prior acts would, "require a mini-trial" resulting in jury confusion and prejudice to defendants.

**A.     Newspaper Articles**

Plaintiffs will not be permitted to introduce newspaper articles to support their claims. "Newspaper articles are hearsay when introduced to prove the truth of the matter asserted, and must not be admitted." *Delrosario v. City of New York* , 2010 WL 882990, at *7 (S.D.N.Y. 2010) (citing, *inter alia, McAllister v. N.Y. City Police Dep't*, 49 F.Supp.2d 688, 706 n. 12 (S.D.N.Y.1999) ("Newspaper articles are hearsay, . . . and . . . are not admissible evidence of New York City Police Department policy or custom"); *see also Dockery v. Tucker*, 2006 WL 5893295, at *23 (E.D.N.Y. 2006) (in support of a *Monell* claim, plaintiff may not rely upon an array of newspaper articles and judicial decisions discussing general police misconduct).

**B.     Witness testimony**

Plaintiffs argue that the testimony from other property owners in the City of Troy and from employees of the Bureau of Code Enforcement is necessary and relevant to prove that Mirch had final policymaking authority over the Bureau of Code Enforcement and also, that the City had a widespread custom of using the building code in a retaliatory fashion.

**1.     Other Property Owners within the City of Troy**

Plaintiffs claim that defendants were aware of the property owners as potential witnesses based upon the deposition testimony of defendants' employees. Defendants argue that plaintiff

3

did not previously disclose the property owners as potential witnesses in any Rule 26 disclosures and therefore, should be precluded from calling those individuals at trial.

Federal Rules of Civil Procedure Rule 37 ( c ) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

A party that fails to disclose information pursuant to Rule 26 or fails to amend a previous response, is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless. *Bynum v. Metro. Transp. Auth.*, 2006 WL 6555106, at *1 (E.D.N.Y. 2006) (citing Fed.R.Civ.P. 37(c)(1)). In determining whether a witness should be precluded, the court should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). It is the plaintiffs' burden to establish lack of prejudice, not defendants' burden. *Castro v. City of New York*, 2009 WL 2461144, at *6 (E.D.N.Y. 2009).

In this matter, plaintiffs' witness list, which was filed on January 9, 2012, contains the names of five witnesses (Jim DeSeve, Tracy Neitzel, Jack Cox, Jr., Jan DeGroote and Chet Hardin) whom, from the disclosure, appear to be property owners or former property owners in the City of Troy. Defendants claim, and plaintiffs do not deny, that the January 9, 2012 disclosure was the first time plaintiffs identified these witnesses as potential trial witnesses. Plaintiffs did not provide the names of these witnesses in any initial disclosure, supplemental disclosure or discovery response prior to January 9th. As to the first factor, plaintiffs do not

4

attempt to explain or refute their failure to comply with the Rule 26 disclosure requirements. With regard to the second factor, plaintiffs do not present any argument as to the importance of the proposed testimony. Indeed, the Court has no information regarding the sum and substance of the proposed testimony as plaintiffs have made no offer of proof.

As to the third factor, plaintiffs argue that defendants cannot claim prejudice because during the depositions of defendants' witnesses, plaintiffs' counsel questioned the witnesses about the City's use of Code Enforcement with respect to the property of the proposed witnesses. Plaintiffs' argument lacks merit. The purpose of Rule 26 disclosures is to alert the opposing party that the witness may be called to support the party's claims and further, that the opposing party may need to take discovery from that named witness. The defendants' knowledge of the existence of a witness does not satisfy the plaintiffs' disclosure obligation. *Schiller v. City of New York*, 2008 WL 4525341, at \*4 (S.D.N.Y. 2008). Here, the discussion of the property of the proposed witnesses during depositions of other witnesses did not provide defendants with adequate notice that plaintiffs intend to call the property owners as witnesses at trial. *See Kullman v. New York*, 2009 WL 1562840, at \*6 (E.D.N.Y. 2009) (without more, a notice of the plaintiff's intent to take a non party deposition did not thereby indicate to the defendants that the plaintiff might call the non party witness at trial). The discussion of these owners did not suffice as notice under Rule 26 nor did it reasonably advise defendants of their need to depose the owners themselves. *See id.*

As to the fourth factor, a continuance is not possible in this matter. The parties have been aware of the trial date since September 8, 2011 and requested an adjournment in December 2011, which was denied. The trial is scheduled to commence in less than one week. This is two and a

5

half years after the complaint was filed. Thus, no further adjournments will be permitted and it is unrealistic to expect defendants to depose five witnesses prior to trial.

Plaintiffs' procedural obstacles aside, based upon Fed. R. Evid. 403, the proposed witness testimony is otherwise inadmissible. In support of their position, plaintiffs rely heavily upon the Second Circuit holding in *Sorlucci v. New York City Police Dep't,* 971 F.3d 864 (2d Cir. 1992). However, the facts and evidence at issue in *Sorlucci* are readily distinguishable from those in the case at hand. In *Sorlucci,* the plaintiff claimed that the NYPD engaged in a pattern of disciplining probationary officers, who had been arrested while on probation, in a discriminatory manner based upon gender. *Id.* at 871. At trial, the plaintiff introduced statistical results of NYPD's own study regarding the suspension and termination of probationary officers. *Id.* The study revealed that of thirty-five officers subject to departmental discipline, thirty-one were men and four were women. Twenty-two men were fired while all four of the women were terminated. *Id.* After the jury returned a verdict in the plaintiff's favor, the district court set it aside concluded that the evidence was insufficient to establish a pattern of discrimination within the NYPD. *Sorlucci*, 971 F.2d at 871. The Second Circuit reversed and concluded that the district court improperly discounted the import of the statistical evidence. *Id.* The Court further concluded, "[the plaintiff] presented ample facts concerning her treatment at the hands of her superiors . . . in conjunction with the statistical evidence", and therefore, the jury could have concluded that there was a pattern or custom within the NYPD. *Id.* at 872. The additional evidence included testimony from a former NYPD lieutenant regarding the investigation. *Id.* The Court concluded, "the NYPD's handling of the Sorlucci case, supplemented by the results of the NYPD study permitted the jury to reach the verdict it did on Sorlucci's § 1983 claim". *Id.* at 873.

Here, plaintiffs do not seek to admit any statistical data or any other documentation prepared by the City of Troy regarding plaintiffs' alleged constitutional violation. Rather, plaintiffs seek to elicit testimony from other property owners, or former property owners, in the City of Troy who were allegedly subject to "similar acts of retaliation" from top officials in the Bureau of Code Enforcement. Plaintiffs do not claim that these proposed witnesses have any information regarding the constitutional violations allegedly suffered by plaintiffs. The *Sorlucci* holding does not support plaintiffs' theory.

Moreover, there is no offer of proof indicating that the alleged "similar acts of retaliation" involved the same defendants or similar circumstances as the present case. *See Carmody v. Vill. of Rockville Centre*, 661 F.Supp.2d 299, 331 (E.D.N.Y. 2009) ("for a plaintiff's claim of custom or policy to survive summary judgment review, there necessarily must be evidence of the complained-of activity by the defendants in similar circumstances outside of the present case"). Plaintiffs have not demonstrated that the proposed evidence is similar enough and/or close enough in time to be relevant to the matters in issue.

The Court finds that the probative value of the evidence is not outweighed by the danger of confusion, delay and unfair prejudice to defendants. Without reopening discovery, the prejudice to defendants in having to prepare for this evidence would be severe. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006). Based upon Fed. R. Evid. 404(b) and 403, plaintiffs are precluded from calling the five property owners or any other property owners in an attempt to establish a custom, policy or pattern.

### 2. Bureau of Code Enforcement Employees

Defendants do not argue that plaintiffs should be precluded from calling employees from the Bureau of Code Enforcement. Defendants do not claim, nor can they claim, any prejudice

from plaintiff calling witnesses within the employ of the City of Troy, who have first-hand knowledge of the issues at hand.  However, plaintiffs are warned to proceed in this manner with an abundance of caution.  The Court will not permit plaintiffs to introduce testimony regarding "prior bad acts" against other City of Troy property owners through Bureau of Code Enforcement employees.

**II.     Dismissal of Abuse of Process and Substantive Due Process for Failure to State a Claim**

Defendants move for an order dismissing the abuse of process and substantive due process claims arguing that the claims fail as a matter of law.  In defendants' prior motion for summary judgment, defendants moved to dismiss plaintiffs' abuse of process claim arguing that the, "Notice of Violation constitutes 'civil process'", and that, "the Notice of Violation was issued for a lawful and justified purpose".  In this Court's Memorandum-Decision and Order, the Court denied the motion holding, "there are factual issues that must be resolved surrounding the issuance of the Notice of Violation".  Similarly, after entertaining oral argument on the issue of due process, this Court specifically denied defendants' motion for summary judgment and dismissal of plaintiffs' substantive due process claims.

Now, defendants have filed a motion *in limine* seeking to dismiss these claims "as a matter of law".  Defendants motion is improper and untimely.  In essence, defendants seek to reargue this Court's prior decision.  The proper vehicle for this application would have been a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) or an appeal.  Defendants did not file such a motion or any appeal and may not do so at this late date.  Accordingly, this portion of defendants' motion *in limine* is DENIED.

### III. Statute of Limitations and Abuse of Process Claim/Failure to Plead Facts Supporting a *Monell* Claim

Defendants also seek an order dismissing plaintiffs' abuse of process claim based upon the applicable statute of limitations. Moreover, defendants contend that plaintiffs never plead facts in their complaint to support a "custom or practice" theory and failed to proffer any evidence establishing a policy or custom with a causal link to plaintiffs' alleged constitutional deprivation. Again, defendants' arguments and implied requests for dispositive relief are improperly asserted in a motion *in limine*.

In defendants' prior motion for summary judgment on the abuse of process claims, defendants failed to present any argument with respect to the statute of limitations. Moreover, the prior motion for summary judgment lacked any argument for dismissal of plaintiffs' amended complaint for failure to plead a *Monell* claim. Defendants attempt, at this late date, to assert novel arguments in an effort to obtain dispositive relief in a motion *in limine* is improper. Under the Court's Scheduling Order, the deadline for filing dispositive motions was February 28, 2011. (Dkt. No. 32). Therefore, defendants' motion, on this ground, is DENIED.

### CONCLUSION

It is hereby

**ORDERED**, that plaintiffs' motion *in limine* (Dkt. No. 67) seeking an Order permitting plaintiff to introduce newspaper articles to establish a municipal policy is **DENIED**; it is further

**ORDERED**, that plaintiffs' motion *in limine* (Dkt. No. 67) seeking an Order permitting plaintiff to introduce non-party testimony from other property owners in the City of Troy is **DENIED**; it is further

9

**ORDERED**, that plaintiffs' motion *in limine* (Dkt. No. 67) seeking an Order permitting plaintiff to introduce testimony from Bureau of Code Enforcement employees is **GRANTED** to the extent discussed in the within Order; it is further

**ORDERED**, that defendants' motion *in limine* (Dkt. No. 57) for an order precluding plaintiffs from pursuing an abuse of process claim and substantive due process claim for failure to state a claim is **DENIED**; it is further

**ORDERED**, that defendants' motion *in limine* (Dkt. No. 57) for an order dismissing plaintiffs' abuse of process claim pursuant to the statute of limitations is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge